IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Bricklayers and Allied Craftworkers Local 1 of PA/DE, et al.,<br><br>        *Plaintiffs,*<br><br>  v.<br><br>GTC Ceramic Tile, LLC, et al.,<br><br>        *Defendants*. | CIVIL ACTION<br>NO. 23-3830 |

**Pappert, J.**                                                                                              **October 23, 2024**

**MEMORANDUM**

      Bricklayers and Allied Craftworkers Local 1 of PA/DE and its associated multiemployer plans sued GTC Ceramic Tile and its owner George Celona for failing to make required contributions to the plans in violation of a Collective Bargaining Agreement and the Employee Retirement Income Security Act (ERISA). GTC and Celona failed to respond or otherwise participate in the litigation, so Plaintiffs obtained an entry of default and now move for a default judgment under Rule 55(b)(2). The Court grants the motion.

I

      The plaintiff-funds are all multiemployer plans organized under ERISA. (Compl. ¶¶ 2–6, ECF No. 1.) GTC is party to a CBA requiring it to make monthly contributions to the funds. (Compl. ¶ 9); (Morris Decl. ¶ 8, ECF No. 7-2.) The required contributions vary according to the number of hours worked in a given month, which GTC tracks and reports to Plaintiffs. (Compl. ¶¶ 12, 17.) The required contributions for a given month are due on the 15th of the following month. (Morris Decl. ¶ 8.) The CBA provides that

the contributions "become assets of each Fund as of the date on which they are due." (*Id.* ¶ 9.) The CBA also provides that when GTC fails to timely make a required contribution, it must pay (in addition to the contributions) liquidated damages, interest and any attorneys' fees and litigation costs. (Compl. ¶¶ 18–19.)

GTC failed to pay its required contributions for the months of June through September 2021, September and October 2022, and January through March 2023. (Morris Decl. ¶ 14.) It has also made its contributions late "at various points beginning in 2021." (*Id.* ¶ 15.) And it failed to make required reports of the hours its employees worked during March and April 2024. (*Id.* ¶ 16.)

Plaintiffs filed this action on October 2, 2023, seeking a judgment that both GTC and its owner George Celona are jointly and severally liable for $134,976.15 in delinquent contributions, liquidated damages, interest, attorneys' fees and litigation costs. It also seeks an injunction requiring GTC to submit contribution reports for March and April 2024 and to timely make its required reports and contributions in the future.

II[1]

Before entering a default judgment, the Court must "ascertain whether the unchallenged facts constitute a legitimate cause of action." *Serv. Emps. Int'l Union v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018) (quotation marks omitted). "A consequence of the entry of a default judgment is that the factual

---

[1] The Court finds that GTC and Celona were properly served. *See* (Aff. of Service, ECF No. 3); (Aff. of Service, ECF No. 4.) The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs have met their burden to make a *prima facie* showing of personal jurisdiction over the defendants, *see D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006), because they allege that GTC is organized under Pennsylvania law (Compl. ¶ 7), and that Celona was served in Pennsylvania (Aff. of Service, ECF No. 4).

allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (citations and internal quotation marks omitted).

While the factual allegations of the complaint "will be taken as true," the amount of damages must still be proven. *Comdyne I, Inc.*, 908 F.2d at 1149. "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Allstate Ins. Co. v. Nw. Med.*, No. 23-2480, 2023 WL 7185566, at *3 (E.D. Pa. Oct. 31, 2023) (internal citation omitted). It is within the Court's discretion "to decide whether further evidence or a hearing is necessary to ascertain if the evidence contained in affidavits and documents in the record is sufficient to establish damages." *Id.* (citing Fed. R. Civ. P. 55(b)).

A

Plaintiffs first seek to hold GTC liable for its unpaid contributions plus interest, liquidated damages, attorneys' fees and litigation costs. Where a CBA requires an employer to contribute to a multiemployer plan, the employer must do so in accordance with the CBA's terms. 29 U.S.C. § 1145. GTC failed to comply with the terms of the CBA when it failed to remit monthly contributions for the months of June through September 2021, September and October 2022, and January through March 2023, (Morris Decl. ¶ 14.); when it untimely remitted contributions for several other months between 2021 and May 2024, (*id.* ¶ 15); and when it failed to report the hours its

3

employees worked for the months of March and April 2024, (*id.* ¶ 15). GTC thus violated its duties under § 1145.

When a court enters judgment in favor of a plan in an action under § 1145, the court must award

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of—
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Interest is determined by using the rate set forth in the CBA. *Id.*

Plaintiffs have submitted the affidavit of Maria Morris, Administrator of the benefit funds sponsored by Local 1, establishing to the Court's satisfaction the amounts GTC owes in unpaid contributions, interest, and liquidated damages. GTC owes $86,547.32 in reported but unpaid contributions, $22,156.05 in interest on the reported but unpaid contributions, $9,548.75 in liquidated damages on the reported but unpaid contributions, $5,275.07 in interest on its late-paid contributions through May 31, 2024,

and $6,684.46 in liquidated damages on its late-paid contributions through May 31, 2024. (Morris. Decl. ¶ 14–15.)

Plaintiffs have also submitted the affidavit of its attorney Kathleen Bichner in support of the requested attorneys' fees and litigation costs. Courts determine reasonable attorneys' fees using the lodestar—the product of a reasonable hourly rate and the number of hours reasonably expended. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The requesting party must support its request with evidence. *Id.* Once it does so, the Court "cannot decrease a fee award based on factors not raised at all by an adverse party." *Id.* Bichner's affidavit contains sufficient evidence of her experience to support the requested rate of $290 per hour, and it contains evidence of billing entries sufficient to support the 14.5 hours she spent on this litigation. (Bichner Decl. ¶ 1, Ex. A, ECF No. 7-2.) GTC having not objected to the fee request, Plaintiffs are entitled to reimbursement of the requested $4,205.00[2] in attorneys' fees. They are also entitled to reimbursement of the requested $547.00 in litigation costs. *See* (*id.* ¶ 8.)

GTC thus owes the Plaintiffs $134,963.65.

B

Plaintiffs also seek to hold Celona personally liable for all damages. ERISA imposes personal liability on "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries." 29 U.S.C. § 1109(a). "[T]o the extent" a person "exercises any authority or control respecting management or disposition of [plan] assets," that person is a fiduciary with respect to the plan. 29 U.S.C. § 1002(21)(A).

---

[2]   Bichner's billing entries reflect a mathematical error that resulted in in over-counting the total fees by $12.50. The Court has reduced the award accordingly.

The CBA between GTC and Local 1 states that "[c]ontributions required under this Agreement shall become assets of each Fund as of the date on which they are earned." (Morris Decl. ¶ 9.)  Overdue contributions are thus plan assets.  *See Trustees of Nat'l Elevator Indus. Pension Fund v. Maple Mgmt. LLC*, No. 19-4305, 2020 WL 7353093, at \*14 (E.D. Pa. Dec. 15, 2020); *Trustees of the Nat'l Elevator Indus. Pension v. GMS Elevator Servs., Inc.*, No. 18-00538, 2018 WL 4510495, at \*5 (E.D. Pa. Sept. 20, 2018).  And as owner of GTC, Celona was responsible for determining and paying the total amount of contributions owed each month, and he exercised control and discretion over things like the company's payroll and collection of receivables.  (Compl. ¶¶ 11, 27, 28.)  Celona thus had "the practical ability to dispose of plan funds … unilaterally [and] undirected," rendering him a fiduciary with respect to each of Local 1's plans.  *See Trustees of the Nat. Elevator Indus. Pension, Health Ben., Educ., Elevator Indus. Work Pres. Funds v. Gateway Elevator Inc.*, No. 09-4206, 2011 WL 2462027, at \*6 (E.D. Pa. June 21, 2011).

Having violated his fiduciary duty to remit required contributions to the plans in accordance with the CBA, *see* 29 U.S.C. § 1104(a)(1)(D), Celona is jointly and severally liable for the $134,963.65 in unpaid contributions, interest, liquidated damages, attorneys' fees and litigation costs.

C

Plaintiffs additionally seek injunctive relief requiring GTC to submit contribution reports for March and April 2024 and to timely submit its required reports and contributions in the future.  ERISA authorizes "such … equitable relief as the court deems appropriate."  29 U.S.C. § 1132(g)(2)(E).  Given GTC's failure to submit

contribution reports in March and April 2024 in violation of the CBA, and GTC's numerous other failures of its obligations under the CBA and ERISA, the Court deems the injunctive relief requested by Plaintiffs appropriate. GTC must submit contribution reports for March and April 2024 and going forward must timely report employee hours and pay contributions to the plaintiff funds.

## V

The Court must also evaluate three additional factors before granting a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F. 3d 154, 164 (3d Cir. 2000). When the defendant has failed to appear, evaluation of the factors tends to be "perfunctory" because "the analysis is necessarily one sided." *Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 272 (E.D. Pa. 2014). Taken together, the factors here favor granting default judgment.

The first factor favors default judgment because a plaintiff will generally always "be prejudiced absent a default judgment when a defendant fails to respond to the plaintiff's claims because the plaintiff will be left with no other means to vindicate [them]." *United States v. Tran*, No. 21-730, 2022 WL 159734, at *2 (E.D. Pa. Jan. 18, 2022) (internal quotation marks omitted). A defendant's failure to participate at all "portend[s] an indefinite delay without default judgment." *Id.*; *see also Chamberlain*, 210 F.3d at 164 (finding no prejudice to plaintiff where defendant answered late, but still answered). Both GTC and Celona have failed to appear or otherwise defend, so the first factor favors default judgment.

The second factor favors a default judgment because "the court may presume that an absent defendant who has failed to answer has no meritorious defense." *Joe Hand*, 3 F. Supp. 3d at 271–72 (adding that "it is not the court's responsibility to research the law and construct the parties' arguments for them").

The third factor is at least neutral and at most favors default judgment. Some courts deem the third factor neutral where the defendant's motivations for not participating in the litigation are unclear. *See State Farm Fire & Cas. Co. v. Hunt*, No. 14-6673, 2015 WL 1974772, at *5 (E.D. Pa. May 4, 2015). Others have found the failure to engage in litigation sufficient to satisfy culpable conduct. *See Penumella v. Pham*, No. 22-1197, 2023 WL 9004918, at *5 (E.D. Pa. Dec. 28, 2023). Whether this factor is neutral or favors default judgment, the overall balance favors granting Plaintiffs' motion.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.